**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                    Case No.  06-32029

RALPH McGILL

           Debtor

In re

                                    Case No.  06-32784

RALPH McGILL, JR.

           Debtor

**MEMORANDUM ON UNITED STATES TRUSTEE'S
MOTION FOR IMPOSITION OF FINES PURSUANT TO 11 U.S.C. § 110**

**APPEARANCES:**    RICHARD F. CLIPPARD, ESQ.
                     UNITED STATES TRUSTEE, REGION 8
                      Patricia C. Foster, Esq.
                      Suite 114, Howard H. Baker, Jr. United States Courthouse
                      800 Market Street
                      Knoxville, Tennessee  37902
                      Attorneys for the United States Trustee

                      J & L ENTERPRISES, INC.
                      7729 Ridge Estates Drive
                      Glen Saint Mary, Florida  32040
                      Respondent

                      DYKE L. MARLER
                      603 Dorsey Circle
                      Lilburn, Georgia  30047
                      Respondent

                      GWENDOLYN M. KERNEY, ESQ.
                      Post Office Box 228
                      Knoxville, Tennessee  37901
                      Chapter 13 Trustee

RALPH McGILL, JR.
6707 Parklake Drive
Knoxville, Tennessee  37920
Debtor, *Pro Se*

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

These contested matters are before the court on the consolidated Motion for Imposition of Fines Pursuant to 11 U.S.C. § 110(*l*)(1), (2)(D) and for Forfeiture of Compensation Pursuant to § 110(h) and Notice of Hearing (Motion) filed by the United States Trustee, Richard F. Clippard, in these two bankruptcy cases on February 7, 2007.  By this Motion, the United States Trustee seeks the following:  (1) an order in each case directing Dyke L. Marler (Marler) and J & L Enterprises, Inc. (J & L), to forfeit all compensation received from the Debtor for preparing the Voluntary Petition and related documents associated with the Debtor's filing of his two Chapter 13 bankruptcy cases; (2) that the court impose fines against Marler and J & L in each case for violations of various provisions of 11 U.S.C. § 110 (2005); and (3) that, where required by 11 U.S.C. § 110(*l*)(2)(D), fines imposed by the court be trebled.  Marler and J & L did not respond to the Motion nor did they appear at the hearing thereon on March 19, 2007.

The record before the court consists of the testimony of the Debtor, five exhibits admitted into evidence, and the post-trial Affidavit of Patricia C. Foster (Affidavit) filed by Patricia C. Foster, attorney for the United States Trustee, on March 23, 2007.

This is a core proceeding.  28 U.S.C. § 157(b)(2)(A) (2005).

**I**

The Debtor filed the Voluntary Petition commencing his first bankruptcy case under Chapter 13, No. 06-32029, *pro se*, on September 5, 2006.  The petition was signed by the Debtor and does not disclose that it was prepared by a bankruptcy petition preparer.  COLL. TRIAL EX. 1.  The Debtor paid the required $274.00 fee upon the filing of the petition.  This case was dismissed on

September 28, 2006, upon the Debtor's failure to timely file his Statement of Financial Affairs, schedules, and Chapter 13 plan. No bankruptcy petition preparer compensation disclosure statement accompanied the petition as required by 11 U.S.C. § 110(h)(2), nor was any other documentation filed in this case to evidence that the Voluntary Petition was prepared by a bankruptcy petition preparer.

The Debtor filed the Voluntary Petition commencing his second Chapter 13 case, No. 06-32784, *pro se*, on November 22, 2006. Contemporaneously therewith, the Debtor paid the required $274.00 filing fee and filed his Statement of Financial Affairs and schedules.[1] COLL. TRIAL EX. 2. None of the documents disclose that they were prepared by a bankruptcy petition preparer. This case was dismissed on January 3, 2007, upon the Debtor's failure to commence payments under his proposed plan within thirty days of the filing of the petition as required by 11 U.S.C. § 1326(a)(1) (2005). This petition was not accompanied by a bankruptcy petition preparer compensation disclosure statement required by 11 U.S.C. § 110(h)(2), nor was any other documentation filed evidencing that the Voluntary Petition, Statement of Financial Affairs, and schedules were prepared by a bankruptcy petition preparer.

The Debtor testified that the mortgage encumbering his residence at 6707 Parklake Drive, Knoxville, Tennessee, was scheduled for foreclosure on September 6, 2006, and that prior to the foreclosure date, he received a solicitation from J & L holding itself out as "an experienced foreclosure mitigation and prevention company that specializes in helping families save their

---

[1] The Debtor also filed his Chapter 13 Plan, but the record is devoid of any proof relative to the preparation of that document.

homes." TRIAL EX. 3.  This solicitation, while making no mention of bankruptcy, also states:  "If

you need help and want to save your home call us today" and "[l]et us assist you in creating a

payment plan that will stop your foreclosure."  *Id*.

In late August 2006, the Debtor, in response to its solicitation, contacted J & L by telephone

and talked with a representative named "Joe."  The Debtor told "Joe" of his financial situation with

regard to the foreclosure of the Parklake Drive residence.  The Debtor was not seeking to file

bankruptcy, nor did he solicit advice or information regarding bankruptcy from "Joe."  "Joe" advised

the Debtor that "there's ways to avoid [foreclosure]" and "what we need to do is get you credit

counseling."  He told the Debtor that the "only way" to stop the foreclosure is with a "Chapter 13

bankruptcy."  "Joe" advised the Debtor that J & L "has attorneys that will provide some things" and

then sent the Debtor a letter dated August 29, 2006, advising him, *inter alia*, that J & L would "take

[his] case . . . as to the plan I described to you to stop the foreclosure" for a fee of $1,050.00.  COLL.

TRIAL EX. 4.  This letter also advised the Debtor that

> [E]ither Thursday or Friday of this week we will be providing you with access so you
> can complete the credit counseling that will be required if you have to file.  If the
> mitigations are unsuccessful on Tuesday, September 5, one of our associates will be
> forwarding you documents for filing in the court to stop the sale and you will have
> to file these documents either Tuesday afternoon or Wednesday morning.
>
> . . . .
>
> As previously stated we do not have much time to negotiate with the mortgage
> company and this may not be a successful endeavor but as stated we will continue
> working with the mortgage company until the last minute, if this is unsuccessful we
> will refer you to an associate either [sic] Atlanta, GA or in Chicago, IL who complete
> all necessary documents for you.

*Id.*

The August 29, 2006 letter was accompanied by other documents[2] on J & L letterhead,

including a document headed "J & L Enterprises, Inc. Disclaimer Notice," which states in material

part:

> I further understood and with the agreement and at no additional cost to the Client
> the Company may refer the client to other consultants, attorneys and/or Para-legal
> as the Company deems necessary to stop the foreclosure.

COLL. TRIAL. EX. 4.

The Debtor remitted $525.00, representing one-half of the required $1,050.00, to J & L on

September 1, 2006. TRIAL EX. 5. He paid the balance at a later date.

The Debtor testified that "Joe" subsequently provided him with the telephone number for

Marler, who the Debtor thereafter contacted. The Debtor testified that when he contacted Marler,

Marler represented himself to be an attorney and "said he'd be the attorney representing me." The

Debtor also testified that "Joe" told him that if he was asked who prepared his bankruptcy

documentation he should state that he, the Debtor, prepared the documentation himself. Specifically,

the attorney for the United States Trustee asked the Debtor the following question on direct

examination:

> So you were actually instructed not to tell anyone that J & L Enterprises or Dyke
> Marler had prepared your bankruptcy.

The Debtor responded, "Exactly, yes," and further testified that "[i]t was Joe . . . from J & L" who

gave him that instruction.

---

[2] One document, labeled "Consulting Agreement," contains the typewritten name of "E.A. (Joe) Brack, Jr." who is identified as the "Consultant" for J & L.

The Debtor further testified that he received bankruptcy forms from J & L by facsimile transmission, that he completed these forms by hand and sent them back to "Joe" at J & L, that to the best of his knowledge, "Joe" sent the hand-written forms to Marler, and that J & L, after receiving the typed forms back from Marler, transmitted them to him by fax.

With respect to his first case, No. 06-32029, the Debtor testified that J & L did not immediately send him the typed Statement of Financial Affairs and schedules and that his failure to timely receive and file these documents resulted in the dismissal of this case.  The Debtor testified that he received all the required typed forms from J & L prior to the filing of his second case, No. 06-32784, on November 22, 2006.

Patricia C. Foster, the attorney prosecuting the Motion for the United States Trustee, states the following through her Affidavit:

> 2.  To the best of my recollection, on or about the 24th of January, 2007, I telephoned J & L Enterprises, Inc., which is located at 7729 Ridge Estates Drive, Glen St. Mary, Florida.  I used the telephone number of (888) 778-6880, which was listed on a letter sent by J & L Enterprises, Inc., to Ralph McGill, Jr., who was then a debtor in bankruptcy, case number 06-32784.

> 3.  I personally spoke with E. A. (Joe) Brack, Jr., who identified himself as a consultant and "owner" of J & L Enterprises, Inc.

> 4.  Mr. Brack told me that Ralph McGill, Jr., entered into a contract with J & L Enterprises, Inc., to stop a foreclosure sale on Mr. McGill's home.

> 5.  Mr. Brack told me that he was not able to negotiate with Mr. McGill's mortgage holder and that he had personally referred Mr. McGill to a bankruptcy petition preparer by the name of Dyke Marler, with whom he regularly consults for purposes of preparing bankruptcy petitions, for the preparation of a Chapter 13 bankruptcy petition to be filed in order to stop a foreclosure sale.

6.  Mr. Brack provided me with the phone number and address of Dyke Marler, who is a resident of Georgia.  The address given to me was 603 Dorsey Cr., Lilburn, GA.

7.  I personally called and talked with a man who identified himself as Dyke Marler to discuss with him his participation in the preparation of two bankruptcy cases for Ralph McGill, Jr.  Mr. Marler told me that he had prepared both of the petitions, statements of affairs and schedules for Mr. McGill to file.  He told me that he was paid by J & L Enterprises, Inc., $199 for this work.

8.  I asked Mr. Marler why he failed to identified [sic] himself on the petition and comply with the requirements of 11 U.S.C. §110, and he told me that he believed he had, in fact, mailed the properly signed documents to Mr. McGill for filing.  He claimed that he believed he had only provided him with unsigned documents by mistake.  He could not explain why he had provided unsigned documents to Mr. McGill for both bankruptcy cases he prepared.

9.  I asked Mr. Marler to send me copies of the documents he prepared by mail and he agreed to do so on the following Monday, which was, to the best of my recollection, on or about January 29, 2007.  I never received them.  I made several unsuccessful efforts to contact Mr. Marler before filing a Motion For Imposition of Fines and for Forfeiture of Compensation on February 2, 2007.

Appended to the United States Trustee's Motion as an exhibit is a copy of a Consent Order

entered on January 30, 2006, in the Superior Court of Gwinnett County, Georgia, in the case of *State*

*Bar of Georgia v. Joy Marler, individually, and d/b/a Paralegal Service, and Dyke L. Marler,*

*individually, and d/b/a Paralegal Service*, Civil Action No. 05A-13844-6.[3]  The Consent Order,

which was signed and "Consented to" by Marler, states in material part:

<u>CONSENT ORDER</u>

It appearing that the parties have reached an agreement concerning Plaintiff's Complaint for Injunctive Relief, as indicated by their signatures below.

---

[3] This number is not wholly legible and may be incorrectly cited by the court.

IT IS HEREBY ORDERED, ADJUDGED & DECREED that Defendants be permanently forbidden, restrained and enjoined from engaging in the practice of law within the State of Georgia.

IT IS FURTHER ORDERED that Defendants shall not provide to any person or entity in the State of Georgia, other than themselves, any legal services, any legal advice, or in any other way conduct or perform any activity deemed to be the practice of law as defined by O.C.G.A. §15-19-50, or which would be deemed unlawful under O.C.G.A. §15-19-51. In particular, Defendants henceforth shall not, with regard to anyone other than themselves:

. . . .

I.      Hold themselves out to the public or otherwise to any person as being entitled to practice law within Georgia;

. . . .

L.      Assume or use or advertise the title of "lawyer," "attorney," "attorney at law," or equivalent terms in any language in such manner as to convey the impression that they are entitled to practice law or are entitled to furnish legal advice, services, or counsel in Georgia; or

M.      Advertise that either alone or together with, by, or through any person, whether a duly and regularly admitted attorney at law or not, they have, own, conduct, or maintain an office for the practice of law or for furnishing legal advice, services, or counsel to Georgia residents.

**II**

The court finds that Marler represented himself to the Debtor to be an attorney, but that, in fact, he is not an attorney authorized to practice law in the State of Georgia. Marler and J & L are bankruptcy petition preparers as defined by 11 U.S.C. § 110(a)[4] who acted in concert in preparing

---

[4] (a) In this section—

   (1) "bankruptcy petition preparer" means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and

(continued...)

9

the Voluntary Petition filed by the Debtor in Case No. 06-32029 and in preparing the Voluntary

Petition, Statement of Financial Affairs, and schedules filed by the Debtor in Case No. 06-32784.

## III

## Section 110(b)(1), (2)(A)

The United States Trustee contends that Marler and J & L violated subsections (b)(1) and

(2)(A) of § 110 which require a bankruptcy petition preparer to sign a document prepared for filing

by a debtor and to provide the debtor with a written notice informing him or her of the requirements

of 11 U.S.C. § 110(b)(2)(B) prior to preparing any document for filing or accepting any fee from the

debtor.  Specifically, these subsections provide:

> (b)(1)  A bankruptcy petition preparer who prepares a document for filing
> shall sign the document and print on the document the preparer's name and address.
> If a bankruptcy petition preparer is not an individual, then an officer, principal,
> responsible person, or partner of the bankruptcy petition preparer shall be required
> to—

> > (A)  sign the document for filing; and

> > (B)  print on the document the name and address of that officer,
> > principal, responsible person, or partner;

> (2)(A)  Before preparing any document for filing or accepting any fees from
> a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice
> which shall be on an official form prescribed by the Judicial Conference of the

---

[4](...continued)
   (2)  "document for filing" means a petition or any other document prepared for filing by a debtor
in a United States bankruptcy court or a United States district court in connection with a case under
this title.

11 U.S.C. § 110.

United States in accordance with rule 9009 of the Federal Rules of Bankruptcy
Procedure.

11 U.S.C. § 110(b)(1), (2)(A).

The Debtor filed the Voluntary Petition commencing Case No. 06-32029 on September 5,

2006.  Marler prepared the Voluntary Petition for filing by the Debtor in concert with J & L.  The

Voluntary Petition was not signed by Marler and/or J & L and contained no information that would

lead the court, the United States Trustee, or any party in interest to conclude that it had been prepared

by them as bankruptcy petition preparers.  Additionally, Marler and J & L did not provide the Debtor

with Official Form 19B - Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer prior to

preparing the Voluntary Petition.

The Debtor filed Case No. 06-32784 on November 22, 2006.  Marler, again in conjunction

with J & L, prepared the Voluntary Petition, Statement of Financial Affairs, and schedules for filing

by the Debtor.  The Voluntary Petition was not signed by Marler and/or J &L as bankruptcy petition

preparers, nor did the Statement of Financial Affairs and schedules contain the required Declaration

and Signature of Non-Attorney Bankruptcy Petition Preparer signed by Marler and/or J & L.  Again,

Marler and J & L did not provide the Debtor with Official Form 19B - Notice to Debtor By

Non-Attorney Bankruptcy Petition Preparer prior to preparing the Voluntary Petition, Statement of

Financial Affairs, and schedules for filing.

**Section 110(c)(1)**


Subsection (c)(1) of § 110 requires a bankruptcy petition preparer to place an identifying

number on any document prepared for filing by a Debtor.[5]  Specifically, § 110(c)(1) provides:

> (c)(1)  A bankruptcy petition preparer who prepares a document for filing
> shall place on the document, after the preparer's signature, an identifying number that
> identifies individuals who prepared the document.

11 U.S.C. § 110(c)(1).


The Voluntary Petition prepared by Marler in concert with J & L filed by the Debtor on

September 5, 2006, commencing Case No. 06-32029, does not contain an identifying number from

Marler, individually, or as a representative of J & L.  Neither the Voluntary Petition, Statement of

Financial Affairs, or schedules filed by the Debtor on November 22, 2006, commencing Case No.

06-32784, contain identifying numbers for Marler, individually, or as a representative of J & L.


**Section 110(h)(2)**


Subsection (h)(2) of § 110 requires a bankruptcy petition preparer to file a compensation

disclosure statement contemporaneously with the filing by the debtor of a bankruptcy petition.

Specifically, § 110(h)(2) provides:

> (h)(2)  A declaration under penalty of perjury by the bankruptcy petition
> preparer shall be filed together with the petition, disclosing any fee received from or
> on behalf of the debtor within 12 months immediately prior to the filing of the case,
> and any unpaid fee charged to the debtor.  If rules or guidelines setting a maximum

---

[5] Pursuant to § 110(c)(2), the identifying number of an individual bankruptcy petition preparer is his or her social security number while the identifying number of a non-individual bankruptcy petition preparer is the social security number of the "officer, principal, responsible person, or partner of the bankruptcy petition preparer." 11 U.S.C. § 110(c)(2).

fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

11 U.S.C. § 110(h)(2).

Neither the Voluntary Petition filed by the Debtor on September 5, 2006, commencing Case No. 06-32029, nor the Voluntary Petition filed on November 22, 2006, commencing Case No. 06-32784, was accompanied by the required compensation disclosure statement evidencing the Debtor's payment to J & L of $1,050.00.  Because Marler and J & L worked in concert in the preparation of the documents filed in both of the Debtor's Chapter 13 bankruptcy cases, the court deems the compensation paid by the Debtor to have been received by both of them jointly.

### Section 110(e)(2)(B)(iii)

The United States Trustee contends that J & L violated subsection (e)(2)(B)(iii) of § 110 by offering to assist the Debtor in retaining his 6707 Parklake Drive residence by avoiding foreclosure through bankruptcy.  Section 110(e)(2)(B)(iii) provides in material part:

> (e)(2)(A)  A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
>
> (B)   The legal advice referred to in subparagraph (A) includes advising the debtor—
>
> . . . .
>
> (iii)  whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title[.]

11 U.S.C. § 110(e)(2)(B)(iii)

As previously discussed, the Debtor testified that J & L's representative, "Joe," advised him

that "what we need to do is get you credit counseling" and instructed the Debtor that the "only way

to stop the foreclosure is with a bankruptcy."   Additionally, J & L advised the Debtor, in its

August 29, 2006 letter, that if it was unsuccessful in negotiating a stay of the foreclosure of the

Debtor's 6707 Parklake Drive residence "one of our associates will be forwarding you documents

for filing in the court to stop the sale."  COLL. TRIAL EX. 4.  Thereafter, J & L forwarded the Debtor

the Official Forms necessary for the Debtor to file his bankruptcy cases.  Clearly, J & L and Marler

were proffering "legal advice" to the effect that bankruptcy would stay the September 6, 2006

foreclosure and allow the Debtor to retain his residence.  The court accordingly finds that J & L has

violated § 110(e)(2)(B)(iii) as to both Case No. 06-32029 and Case No. 06-32784.[6]


**IV**


Having determined that Marler and J & L violated §§ 110(b)(1), (b)(2)(A), (c)(1), and (h)(2)

in connection with the preparation of the Debtor's filing of documents in both Case No. 06-32029

and Case No. 06-32784, 11 U.S.C. §§ 110(i)(1) and (*l*)(1) mandate the imposition of sanctions.

---

[6] The court is satisfied that representations made to the Debtor by J & L also violated other provisions of § 110(e)(2)(B), including subsection (i) which prohibits a bankruptcy petition preparer from advising the debtor whether to file a petition under title 11 or whether it is appropriate for a debtor to commence a case under Chapter 7, 11, 12, or 13.  *See* 11 U.S.C. § 110(e)(2)(B)(i).  However, because these violations were not raised by the United States Trustee in his Motion, they will not be considered by the court.

**Section 110(i)(1)**

This section requires the imposition of sanctions by the court for violations of § 110 if the violation is brought to the court's attention on motion of the United States Trustee. Specifically, § 110(i)(1) provides:

> (i)(1) If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor—
>
> > (A) the debtor's actual damages;
>
> > (B) the greater of—
>
> > > (i) $2,000; or
>
> > > (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>
> > (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i)(1).

The language of this section is mandatory and cumulative. With respect to Case No. 06-32039, the Debtor's actual damages consist of the $274.00 filing fee and the $1,050.00 paid to J & L, totaling $1,324.00. This amount, plus $2,100.00, representing the greater of $2,000.00 or twice the amount paid to J & L, equals $3,424.00. Because there are no attorneys' fees and costs associated with the filing of the Motion by the United States Trustee, the court will, in compliance with § 110(i)(1), direct Marler and J & L, jointly and severally, to pay the Debtor a total of $3,424.00 for their violations of § 110 with respect to Case No. 06-32029.

With respect to Case No. 06-32784, the Debtor incurred actual damages of $274.00 for the filing fee paid in connection with the case. Because he did not pay J & L any funds for filing the second case, pursuant to § 110(i)(1)(B), the court must add $2,000.00, for a total of $2,274.00. Again, as there have been no attorneys' fees and costs incurred in conjunction with the filing of the United States Trustee's Motion, the court will direct Marler and J & L, jointly and severally, to pay the Debtor the sum of $2,274.00 for their violations of § 110 with respect to Case No. 06-32784.

## Section 110(*l*)

Subsection (*l*) of § 110 requires the court to fine a bankruptcy petition preparer who fails to comply with the provisions of § 110, directs that such fines be trebled under certain circumstances, and directs payment of the fine to the United States Trustee. Specifically, § 110(*l*) provides, in material part:

> (*l*)(1) A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.
>
> (2) The court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer—
>
> . . . .
>
> (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy preparer.
>
> (3) A . . . United States trustee . . . may file a motion for an order imposing a fine on the bankruptcy petition preparer for any violation of this section.
>
> (4)(A) Fines imposed under this subsection in judicial districts served by United States trustees shall be paid to the United States trustee[.]

11 U.S.C. § 110 (*l*).

16

Case No. 06-32029

In the first case, Marler and J & L failed to comply with the following provisions:  (1) with § 110(b)(1) by failing to sign and print their names and addresses on the Voluntary Petition filed by the Debtor on September 5, 2006; (2) with § 110(b)(2)(A) by failing to provide the Debtor with written notice prior to preparing the Voluntary Petition on Official Form 19B; (3) with § 110(c)(1) by failing to place an identifying number on the Voluntary Petition; (4) with § 110(h)(2) by failing to file the required bankruptcy petition preparer compensation disclosure statement; and (5) with § 110(e)(2)(B)(iii) for proffering "legal advice" to the Debtor.

Because the court finds Marler's and J & L's noncompliance to be willful, deceptive, and egregious, they will be fined the maximum of $500.00 for each violation for a total of $2,500.00. Additionally, because Marler and J & L did not disclose their identities on the Voluntary Petition commencing this case filed by the Debtor on September 5, 2006, the court shall, in accordance with § 110(l)(2), triple the fine to $7,500.00.  The fine imposed herein shall be payable by Marler and J & L, jointly and severally, and, in accordance with § 110(l)(4)(A), shall be paid to the United States Trustee.

Case No.  06-32784

In the Debtor's second case, Marler and J & L failed to comply with the following provisions: (1) with § 110(b)(1) by failing to sign and print their names and addresses on the Voluntary Petition, Statement of Financial Affairs, and the Declaration Concerning Debtor's Schedules, three separate

and distinct documents prepared by Marler and J & L which were filed by the Debtor in this case on November 22, 2006; (2) with § 110(b)(2)(A) by failing to provide the Debtor with the written notice set forth on Official Form 19B; (3) with § 110(c)(1) by failing to place an identifying number on each of the three separate and distinct documents filed by the Debtor on November 22, 2006, the Voluntary Petition, Statement of Financial Affairs, and Declaration Concerning Debtor's Schedules; (4) with § 110(h)(2) by failing to file the required bankruptcy petition compensation disclosure statement; and (5) with § 110(e)(2)(B)(iii) for proffering "legal advice" to the Debtor.

Again, because the court finds the noncompliance of Marler and J & L to be egregious, willful, and deceptive, they will be fined $500.00 for each violation for a total of $4,500.00. Because Marler's and J & L's identities were not disclosed on any of these documents, the court shall, in accordance with § 110(*l*)(2), triple the fine to $13,500.00. The fine imposed herein shall be assessed against Marler and J & L, jointly and severally, and, in accordance with § 110(*l*)(4)(A), be paid to the United States Trustee.

## V

In summary, an order will be entered in Case No. 06-32029 directing the bankruptcy petition preparers, Marler and J & L, to pay the Debtor the sum of $3,424.00 and to pay the United States Trustee the sum of $7,500.00. An order will be entered in Case No. 06-32784 directing the bankruptcy petition preparers, Marler and J & L, to pay the Debtor the sum of $2,274.00 and to pay the United States Trustee the sum of $13,500.00. Judgment for these amounts will be entered in both cases against Marler and J & L, jointly and severally.

Finally, due to the implications associated with the representation by J & L and Marler that

Marler is an attorney, the court will direct that the clerk serve a certified copy of this Memorandum

and the accompanying orders on the State Bar of Georgia.


FILED:   April 13, 2007

                                        BY THE COURT

                                        */s/  RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE